ROBERT E. KREBS, CA BAR NO. 57526, rkrebs@thelen.com
KEITH L. SLENKOVICH, CA BAR NO. 129793, kslenkovich@thelen.com
JOHN P. SCHAUB, CA BAR NO. 196775, jschaub@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
225 West Santa Clara Street, Suite 1200
San Jose, CA 95113-1723
Tel. 408.292.5800
Fax 408.287.8040

*Attorneys for Plaintiffs*
*Adventure Mexican Insurance Services, Inc.*

SEAN M. SHERLOCK, CA BAR NO. 161627, ssherlock@swlaw.com
ALBERT L. UNDERHILL, MN BAR NO. 111740, aunderhill@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Tel. 714.427.7000
Fax 714.427.7799

*Attorneys for Defendant*
*International Insurance Group, Inc.*
*dba Mexico & RV Insurance Services*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVENTURE MEXICAN INSURANCE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL INSURANCE GROUP, INC., an Arizona corporation, DBA MEXICO & RV INSURANCE SERVICES<br><br>Defendant. | Case No.: C08-00840CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>**[PROPOSED] ORDER** |

SV #342660 v1

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Counsel for plaintiff Adventure Mexican Insurance Services, Inc. (AMIS), and defendant International Insurance Group, Inc. DBA Mexico & RV Insurance Services (IIG) have conferred and submit this joint case management conference statement.

**1.     Subject matter jurisdiction.**

Subject matter jurisdiction is conferred under the national patent laws.  28 U.S.C. § 1331 & 1338(a).  There are no issues regarding personal jurisdiction or venue.

**2.     Factual and legal bases for claims.**

AMIS' invalidity and non-infringement allegations are based on its belief that the claims of the patent in suit are not valid, and even if they were, AMIS does not infringe them.

IIG has counterclaimed for infringement.  IIG contends that AMIS has willfully infringed the U.S. Patent 7,240,017 and that the patent is valid.

**3.     Factual and legal issues genuinely in dispute.**

At this point, the parties believe that validity and infringement of the patent in question are the two primary factual and legal issues in dispute.

**4.     Issues that may be narrowed by agreement or motion.**

At this time, none anticipated.

**5.     Motions anticipated by the parties.**

The parties anticipate filing one or more motions for summary judgment or partial summary judgment.  The parties jointly propose that such motions be heard no later than 45 days before trial.

**6.     Relief sought by the parties.**

AMIS is seeking declaratory relief of invalidity and non-infringement.  IIG is seeking a holding of infringement by AMIS and that AMIS has not proven the patent invalid.  IIG seeks a permanent injunction, monetary damages trebled because of AMIS' willful infringement, and an award of attorney fees under 35 U.S.C. § 285.

**7.     Discovery issues pursuant to Rule 26(f).**

*See* Rule 26(f) Report below.

**8.   Reference to binding arbitration, Special Master, Magistrate Judge, JPML.**

At this point, the parties do not believe reference to binding arbitration, Special Master, Magistrate Judge or JPML is appropriate. The parties have agreed to mediation pursuant to Civil L. R. 16-8 and ADR Local Rule 6, and an order was entered on April 29, 2008 referring the case to mediation to be completed within 45 days.

**9.   Trial logistics.**

The parties have demanded trial by jury. The parties estimate five to eight court days for trial. At this point, it does not appear desirable or feasible to bifurcate issues for trial.

**10.   Related cases.**

There are no related cases.

**11.   Class action status.**

This action is not a class action.

**12.   Earliest reasonable dates for discovery cutoff, pretrial conference and trial.**

*See* Rule 26(f) Report below.

**13.   Settlement and ADR.**

The parties have discussed settlement pre-litigation, and have agreed to court appointed mediation pursuant to ADR Local Rule 6 which was ordered on April 29, 2008.

**14.   Consent to Magistrate Judge for all purposes.**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**15.   Scheduling.**

See Rule 26(f) report below.

**16.   Disclosure of Non-Party Interested Entities or Persons.**

a)   Plaintiff; Adventure Mexican Insurance Services, Inc. has filed the certification required by Civil Local Rule 3-16. There are no entities known to Plaintiff that have either a (i) financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

b)   Defendant.

International Insurance Group, Inc. has filed the certification required by Civil Local Rule 3-16. There are no entities known to Defendant that have either a (i) financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**JOINT RULE 26(f) REPORT**

Counsel for plaintiff Adventure Mexican Insurance, Inc. and defendant International Insurance Group, Inc. DBA Mexico & RV Insurance Services have conferred and submit this joint report regarding the matters set forth in Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and the Court's Initial Standing Order.

**I.     PRE-DISCOVERY DISCLOSURES**

The parties held their initial Rule 26(f) conference on April 17, 2008 and will make their initial disclosures pursuant to Rule 26(a)(1) by June 3, 2008, assuming a Protective Order has been entered by that time (if not, they will make their initial disclosures immediately upon the entry of such an Order). The parties agree that initial disclosures and all pleadings which are not e-filed may be served by email and regular mail.

**II.    DISCOVERY PLAN**

The parties propose to the Court the following discovery plan:

**A.    Subjects of Discovery**

The parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

**B.    Protective Order**

The parties are in the process of negotiating a proposed Protective Order, and will be presenting such an order to the Court in the near future.

**C.    Discovery Limitations and Procedures**

Except as set forth below, the parties do not propose any modification of the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California.

**1.     Depositions**

      **a.     Number**

The parties do not propose any changes to the limits in Rule 30(a), with the exception that the parties would like to clarify that (1) the limitations of 10 depositions will apply per side, (2) the limit of 10 depositions per side will include non-party witnesses, (3) the limit of 10 depositions per side will not include experts, and (4) under exceptional circumstances, one or more of the parties may petition the court for additional depositions.

      **b.     Location and Service**

The parties agree that depositions should be taken in locations as per the Federal Rules of Civil Procedure.  The parties agree that service of deposition subpoenas on party experts shall be done through counsel for the parties, and not directly.  Expert fees are to be paid by the party taking the deposition.

      **c.     Exhibits**

The parties agree to consecutive numbering of deposition exhibits by each side.  The parties agree to avoid duplicative exhibits where possible.

      **d.     Length**

The parties do not propose any changes to the limits in Rule 30.

**2.     Document Collection, Copying and Production**

      **a.     Electronic Documents and E-mail**

At this time, the parties have agreed to exchange electronic documents in hard copy rather than native form.  The parties reserve the right to re-visit this issue if, in the view of one or both of the parties, it appears that receiving one or more documents in their native form is material to the litigation.

      **b.     Apportionment of Document Collection and Production Expenses**

The parties agree that each party will pay for its own document collection, copying and production costs, so long there is rough parity in the quantity of material produced.  In the event that there is a large disparity in the quantity of material produced by either side, reimbursement will be arranged so that each party's costs of production remain roughly equal.

        **c. Post-Filing Attorney-Client Communications**

The parties agree that attorney-client communications with litigation counsel of record or other counsel consulted by the parties in connection with this action that are created after the filing of the complaint in this action need not be included in a privilege log.

  **3. Interrogatories**

    **a. Number**

The parties make no changes to the limits permitted by the Federal Rules of Civil Procedure.

    **b. Numbering**

Sequential.

 **D. Supplementation of Disclosures and Discovery**

    **a. Duties**

Rule 26(e) applies for responsive documents or information that is located after the initial response. A party shall automatically supplement its answer to written discovery (interrogatories, request for admission or its production of documents) at any time when responsive information or documents are subsequently discovered to have existed at the time of the initial response and to have been inadvertently omitted or to have been mistakenly stated if the additional corrective information has not otherwise been made known to the opposing party during the discovery process or in writing.

    **b. Method and schedule for supplementation**

Supplementation at "appropriate intervals" under Rule 26(e) applies to documents or information that was created after the date of a discovery response and which are/is responsive to a previous written discovery request under Fed. Rule Civ. Proc. 30, 33 or 34. Such "appropriate intervals" for supplementation under Rule 26(e) shall occur only as follows: a party may request that another party supplement its answers to written discovery one time before the claim construction hearing in this case. To obtain such pre-claim construction hearing supplementation, a propounding party shall serve a written request that another party supplement its responses to written discovery. If served with such a request, the responding party shall, within thirty (30) days

after the request, supplement its previous responses to any previous Rule 30, 33 or 34 requests by providing any information and by producing any responsive documents that have come into existence between the date of the original response and the date of the request for supplementation.

A party may make a second request that another party supplement its responses to previous Rule 30, 33 and 34 requests after the claims construction hearing and before trial, so long as the date for supplementary production of the documents and supplementary answers to written discovery is served no later than thirty (30) days before the date set for exchange of expert witness reports (this is to ensure that the experts on both sides have time to consider such documents in their reports).  The procedure shall be as described above for pre-claim construction hearing supplementation.

### E. Discovery and Pre-Trial Schedule

The parties propose the following dates for non-expert and expert disclosures and discovery, as well as pre-trial events:

| Date | Event |
|---|---|
| June 3, 2008 | • Initial Disclosures |
| June 3, 2008 | • File Joint Rule 26(f) Report<br>• File Case Management Statement per Standing Order on Contents of C.M.S.O. |
| June 10, 2008 – 2:00 p.m. | • INITIAL CASE MANAGEMENT CONFERENCE |
| June 20, 2008<br>(Case Management Conference + 10 days) | • Party Claiming Infringement:<br>  o Disclosure of Asserted Claims and Preliminary Infringement Contentions – PLR 3-1<br>  o Disclosure of Documents – PLR 3-2 |
| July 25, 2008<br>(Case Management Conference + 45 days) | • Party Opposing Infringement Claim:<br>  o Preliminary Invalidity Contentions – PLR 3-3<br>  o Documents re Accused System and Prior Art – PLR 3-4 |
| August 4, 2008 | • Exchange List of Claim Terms to be |

| Date | Event |
|---|---|
| (Prelim. Invalidity Contentions + 10 days) | Construed – PLR 4-1(a) |
| August 14, 2008 (Prelim. Invalidity Contentions + 20 days) | • Exchange Preliminary Claim Construction – PLR 4-2(a)<br>• Exchange Extrinsic Evidence – PLR 4-2(b) |
| September 23, 2008 (Prelim. Invalidity Contentions + 60 days) | • Joint Claim Construction & Prehearing Statement – PLR 4-3 |
| October 3, 2008 | • Deadline to add parties and amend pleadings |
| October 23, 2008 (Joint Claim Construction & Prehearing Statement + 30 days) | • Complete Claim Construction Discovery – PLR 4-4 |
| November 7, 2008 (Joint Claim Construction & Prehearing Statement + 45 days) | • Party Claiming Infringement: Claim Construction Brief – PLR 4-5(a) |
| November 21, 2008 (Claim Construction Brief + 14 days) | • Responsive brief and supporting evidence – PLR 4-5(b) |
| November 28, 2008 (Responsive Brief + 7 days) | • Reply Brief – PLR 4-5(c) |
| December 12, 2008 (Reply Brief + 14 days) | • Claim Construction Hearing – PLR 4-6 |
| February 13, 2009 | • Close of fact discovery |
| March 16, 2009 | • Parties identify experts and exchange expert witness reports on issues on which each party bears the burden of proof |
| April 15, 2009 | • Rebuttal expert reports |
| May 15, 2009 | • Completion of expert discovery |
| July 17, 2009 | • Deadline for hearings on dispositive motions |
| August 21, 2009 | • Exchange of witness and exhibit lists and designations of deposition testimony for trial |

| | |
|---|---|
| September 4, 2009 | • Objections to witnesses and exhibits and counterdesignations of deposition testimony |
| September 18, 2009 | • Pretrial conference/ready for trial |
| October 19, 2009 | • Trial |

Respectfully submitted,

Dated: June 5, 2008               THELEN REID BROWN RAYSMAN & STEINER


By:      /s/
    ROBERT E. KREBS
    KEITH L. SLENKOVICH
    RONALD F. LOPEZ
    JOHN P. SCHAUB

    *Attorneys for plaintiff Adventure Mexican Insurance Services Incorporated*

    SNELL & WILMER L.L.P.


By:      /s/
    SEAN M. SHERLOCK
    ALBERT L. UNDERHILL

    *Attorneys for Defendant
    International Insurance Group, Inc.
    dba Mexico & RV Insurance Services*